**STANDARD INVESTMENT COMPANY, Inc., Plaintiff-Appellee,**

v.

**TRINITY VALLEY BUILDING CENTER, INC., Defendant-Appellant.**

No. 28909.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1970.

Rehearing Denied and Rehearing En Banc Denied Jan. 19, 1971.

James L. McNees, Jr., Chandler Lloyd, Larry F. Amerine, E. Brice Cunningham, Dallas, Tex., for appellant.

William Burrow, Golden, Burrow, Potts, & Boeckman, Dallas, Tex., for appellee.

Before COLEMAN, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Governed solely by Texas law, this diversity case arose from the repetitiously twisting and turning financial transactions, church bonds, and church deeds of trust of the True Fellowship Baptist Church, a congregational religious group, of Dallas, Texas. The church was first an unincorporated association, then it was incorporated, all within a short space of time. All this time, money was being borrowed, bonds were being issued, and deeds of trust were being executed. The result of this unguided and misguided activity was that defaults set in, foreclosures were taken, and the various creditors fought among themselves as to who should have the best of what was left on the table.

The District Court, sitting without a jury, had the unhappy task of trying to sort out the transactions and ascertain the legal rights of the parties. This included an adjudication as to the priority of liens, the validity of a foreclosure, and the status of title (at different times).

We have heard the oral argument of able counsel for the litigants, as well as considered the extensive briefs, and we see no justification for overturning the judgment below.

On this record, the findings of fact were not clearly erroneous, if erroneous at all, Rule 52(a), Federal Rules of Civil Procedure.

Neither can we say, with the required confidence, that the trial judge fell into reversible error on legal issues of a purely local character.

This was a veritable jungle, legally and factually, and although he could not do it to the satisfaction of all involved the District Judge cleared it. Since we could not have done it any differently,

or any better, we do not disturb the clearing. See our Local Rule 21.[1]

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 906.